CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 30 2011
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| MARK ADAM SYME, | ) |
| Plaintiff, | ) Case No. 7:11cv00070 |
| v. | ) |
|  | ) MEMORANDUM OPINION |
| NORTH REGIONAL ADULT | ) By: Glen E. Conrad |
| DETENTION CENTER, ET AL., | ) Chief United States District Judge |
| Defendants. | ) |

Plaintiff Mark Adam Syme, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Syme alleged that the defendant jail officials used excessive force against him on January 2, 2011. Because Syme's complaint was extremely difficult to read and did not give a clear statement of his claims, the court granted him two opportunities to submit a legible amended complaint in acceptable format that would take the place of the original complaint. Because Syme has now submitted a second amended complaint that is unsigned, despite ample instruction about this requirement, the court finds it appropriate to dismiss this action without prejudice.

Because Syme is proceeding pro se, his pleadings must be held "to less stringent standards that formal pleadings drafted by lawyers" and should not be dismissed based on the litigant's "inartful pleading" of the issues until he has had opportunity to offer proof in support of his claims. Haines v. Kerner, 404 U.S. 519, 520 (1972). On the other hand, pro se litigants are

expected to respect and comply with court orders and applicable procedural rules, as necessary for effective judicial administration. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

In this case, the court has taken precaution to advise the pro se plaintiff of the procedural and formatting requirements for filing court documents and for presenting actionable claims under § 1983. In the initial, conditional filing order, seeking information about exhaustion of administrative remedies and filing fee arrangements, the court notified Syme: "Please be sure your submissions [to the court] are legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the text." (ECF No. 2, ¶ 4.)

In its next order, the court explicitly notified Syme that his complaint was difficult to read and that his allegations failed to state facts concerning each defendants' actions in violation of his rights. (ECF No. 7.) This order also directed plaintiff "to submit an amended complaint, to take the place of his original complaint, stating in clear and legible handwriting, on one side of the paper only, the names of the defendants, the claim(s) he wishes to bring against each of them, and the specific facts he offers in support of each claim"; it also listed specific types of information he should include in the amended complaint in support of his claims. (ECF No. 7.)

In response to this order, Syme submitted a piece of paper with handwriting on both sides, no case heading or case number, no margin of clear space to the right of the text, and no signature; it also failed to include several facts from the first complaint and did not add any information about injuries suffered. Clearly, this pleading did not comply with numerous, specific directives in the court's orders.

Nevertheless, in an abundance of caution, the court issued a third order, denying Syme's motion to amend (ECF No. 8) without prejudice and granting Syme one more chance to submit a properly formatted amended complaint. This order directed plaintiff:

> to submit within ten (10) days an amended complaint that will take the place of plaintiff's original complaint and follows this format [– it must] (a) be clearly entitled "Amended Complaint," include the name of the court, the assigned case number, and the names of all of the defendants in the heading, <u>and be signed under penalty of perjury</u>; (b) include one inch of blank space on all sides of the text, have writing on one side of the paper only, and have pages numbered in the top right hand corner, chronologically; and (c) must follow the format stated in Federal Rule of Civil Procedure 10 and state all the facts that plaintiff wishes to offer in support of his claims, including what actions each defendant took in violation of his rights and how he was injured. FAILURE TO AMEND IN ACCORDANCE WITH THIS FORMAT WITHIN THE TIME ALLOTTED MAY RESULT IN DISMISSAL OF PART OR ALL OF THE COMPLAINT.

(ECF No. 9.) (emphasis added). Footnotes gave plaintiff an example of how to sign a pleading under penalty of perjury and cited the full text of Fed. R. Civ. P. 10, regarding how a complaint should be formatted.

Syme has now submitted a second amended complaint. It is a one-page, handwritten document with a proper case heading, title, and case number. It is unsigned, however, and the text is written in light gray pencil, in tiny, crowded lines that run out to the right edge of the paper and down to the bottom edge. This formatting does not comply with the court's explicit orders. The amended complaint is not legibly written and does not have proper margins. The light writing utensil and the lack of any margin of space to the right and below the text make it all but impossible for the clerk's office to scan a readable copy of the document into the court's electronic filing system. Most importantly, the fact that the pleading is not signed leaves it in blatant noncompliance with Rule 11. <u>See</u> Fed. R. Civ. P. 11(a) (requiring that any pleading,

motion or other paper filed with the court include the party's signature as his certification that content of pleading is, to his knowledge, truthful and submitted for proper reasons).

Because the unsigned pleading Syme has submitted does not satisfy the requirements of Rule 11, despite explicit instruction from the court regarding this requirement, the court concludes that Syme's civil rights action must be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of March, 2011.

                                                            Chief United States District Judge